## CEPHAS HOAR *vs.* MARTIN WOOD.

Words spoken by a party or counsel in the course of judicial proceedings, though they be such as, if spoken elsewhere, would be actionable in themselves, are not actionable, if they are applicable and pertinent to the subject of inquiry. And this rule extends to a person who is managing a prosecution befcre a justice of the peace, in behalf of the Commonwealth, on a complaint which he has himself preferred.

IN the trial of an action of slander, in the court of common pleas, before *Strong*, J. the plaintiff introduced evidence tending to prove that the defendant uttered the words set forth in the writ and declaration. "It also appeared that the words were spoken to the plaintiff, in the presence of others, while the plaintiff was under examination as a witness, in a trial before a justice of the peace, on a complaint in behalf of the Commonwealth, where the defendant was the complainant and was examining the plaintiff, and managing the case in behalf of the Commonwealth.

"The defendant requested the court to instruct the jury as follows : ' That if the jury believe that the words were spoken to a witness in a case on trial before a justice of the peace, in the course of the conduct of the case, while the witness was under examination, the defendant being complainant, and manager of the case in behalf of the Commonwealth, and that the words were spoken *bonâ fide*, without actual malice or intent to defame the witness, with a view to elicit the truth from the witness, or give the justice a comment upon the testimony, to influence him thereby in the decision of the case — the defence is maintained.'

"The court refused to give such instructions to the jury, and the jury found a verdict for the plaintiff. To this opinion and decision of the court, the defendant excepted."

*E. R. Hoar*, for the defendant.

*Farley*, for the plaintiff.

SHAW, C. J. On a trial of an action on the case for slander, in the court of common pleas, it appeared that the words alleged to be slanderous, were spoken in the hearing of several persons, whilst the plaintiff was under examination as a witness,

in a trial before a justice of peace, on a complaint in behalf of the Commonwealth, in which the defendant was the complainant, and in which he was managing the prosecution and examining the plaintiff as a witness. The words are stated, in the bill of exceptions, to have been spoken to the witness, during the examination, but in the presence and hearing of the magistrate. It does not appear what was the nature of the complaint under examination, nor what were the words, alleged to be slanderous, which were spoken by the defendant to the witness.

The defendant, insisting that the occasion of speaking the words was such as to rebut the presumption of malice, and that the plaintiff could not recover without proving express malice and want of probable cause, prayed for the instructions which are particularly stated in the bill of exceptions, which the judge, who tried the cause, declined to give.

Great latitude of remark and observation is properly allowed to all persons, both parties and counsel, in the conduct and management of all proceedings in the course of the administration of justice. It is for the interest of the public, that great freedom be allowed in complaints and accusations, however severe, if honestly made, with a view to have them inquired into, to have offences punished, grievances redressed, and the laws carried into execution. And this extends not merely to regular courts of justice, but to all inquiries before magistrates, referees, municipal and ecclesiastical bodies ; and they are only restrained by this rule, viz., that they shall be made in good faith, to courts or tribunals having jurisdiction of the subject, and power to hear and decide the matter of complaint, or accusation, and that they are not resorted to, as a cloak for private malice.

1. The first exception taken by the plaintiff to the defendant's claim to consider the words, which are charged as slanderous, as a privileged communication, or words spoken in the course of a judicial proceeding, is, that in an examination before a magistrate, in a prosecution conducted in the name of the Commonwealth, the complainant is not to be regarded either as party or counsel, and so not entitled to the privileges of either.

In England, as we understand, the complainant, in a criminal proceeding; is in many respects regarded as a party, and is familiarly called the prosecutor ; and in some cases is required to give security for costs. In the early ages of the common law, criminal prosecutions, with a view to the punishment of offenders, under the name of appeals, were commenced and carried on by the party aggrieved, in his own name. In this Commonwealth, in many cases, the complainant has a pecuniary interest in the result of a criminal prosecution, carried on in the name of the Commonwealth. In cases of prosecution for assault and battery and other misdemeanors, for which the party injured may have a remedy by civil action, the party injured may receive satisfaction, after the accused has been bound by recognizance or committed to prison, and thereupon an end may be put to the prosecution. Rev. Sts. c. 135, § 25.

In all cases of larceny or robbery, on the conviction of the offender, the goods shall be restored to the owner. Rev. Sts. c. 126, § 25. The owner is commonly the complainant, and has an interest in the conviction of the person accused. Upon any conviction for burglary, robbery, or larceny, the court may order a meet recompense to the prosecutor. Rev. Sts. c. 126, § 26. By a former law, the prosecutor, and owner of the goods stolen, was to be allowed a full compensation out of the labor of the convict, or the convict might be disposed of in service, for the purpose. St. 1804, c. 143, § 16. By a still earlier law, the convict was to be sentenced to forfeit three times the value of the goods stolen, to the owner, and if it was not otherwise paid, the convict was liable to be sold in service, to pay it. St. 1784, c. 66, § 3.

In many instances, and in various forms, therefore, the complainant in fact has an interest in the prosecution, although conducted in the name of the Commonwealth ; and by general usage, the complainant is recognized as in some respects the manager of the prosecution, before the magistrate, unless that management is assumed by some authorized public prosecutor. This is sometimes done, in important cases ; and in some instances, amongst the costs allowed in criminal prosecutions, has been a small fee

to an attorney for attending the examination before the magistrate, in behalf of the Commonwealth.

But whether or not it is the right of a complainant to manage the prosecution and support his complaint before the magistrate, by calling and examining witnesses to sustain the prosecution, by cross-examining the witnesses called by the prisoner, and offering such arguments and comments upon the testimony as the case may seem to require, or to retain counsel for the same purposes ; we have no doubt that it is competent for the magistrate to permit him to do so. The Rev. Sts. c. 135, § 13, provide that on such examination the prisoner may be assisted by counsel ; and we know of no case, in which, in a regular and orderly course of judicial proceeding, where evidence is heard on both sides, and a full trial or examination had, one of the parties may have the assistance of counsel, and the other cannot. Probably the right was expressed in case of the prisoner, out of the great tenderness which the law everywhere manifests for the rights of parties accused. Upon this point, the court are of opinion, that when in the absence of the public prosecutor, a complainant is acting as party or counsel in the management of a criminal prosecution before a magistrate, either as a matter of right, or by permission of the magistrate, he is entitled to the same privileges as a party or counsel in other judicial proceedings.

2. Then the question recurs, what are those privileges ? We can perceive no substantial difference between the case of counsel and that of a party. The privilege is extended to the counsel, for the interest and benefit of the party, and to allow him full scope and freedom, in the support or defence of the rights of the party.

Nor can we perceive that it makes any difference, if the words are uttered in the course of a trial, whether in form they are addressed to the witness or to the court or jury. The remarks addressed to a witness, in the form of putting a question, reminding him of his duty, or recurring to what he had before stated, indicating a contradiction in different parts of his testimony or calling upon him to show how he can reconcile them,

though in form directed to the witness, are made in the hearing of the court or magistrate, and may constitute a part of that comment upon the evidence, which has a bearing on the result.

Then we take the rule to be well settled by the authorities, that words spoken in the course of judicial proceedings, though they are such as impute crime to another, and therefore if spoken elsewhere, would import malice and be actionable in themselves, are not actionable, if they are applicable and pertinent to the subject of inquiry. The question, therefore, in such cases is not whether the words spoken are true, not whether they are actionable in themselves, but whether they were spoken in the course of judicial proceedings, and whether they were relevant and pertinent to the cause or subject of inquiry. And in determining what is pertinent, much latitude must be allowed to the judgment and discretion of those who are intrusted with the conduct of a cause in court, and a much larger allowance made for the ardent and excited feelings, with which a party, or counsel who naturally and almost necessarily identifies himself with his client, may become animated, by constantly regarding one side only of an interesting and animated controversy, in which the dearest rights of such party may become involved. And if these feelings sometimes manifest themselves in strong invectives or exaggerated expressions, beyond what the occasion would strictly justify, it is to be recollected that this is said to a judge who hears both sides, in whose mind the exaggerated statement may be at once controlled and met by evidence and arguments of a contrary tendency, from the other party, and who, from the impartiality of his position, will naturally give to an exaggerated assertion, not warranted by the occasion, no more weight than it deserves.

Still, this privilege must be restrained by some limit; and we consider that limit to be this; that a party or counsel shall not avail himself of his situation, to gratify private malice by uttering slanderous expressions, either against a party, witness or third person, which have no relation to the cause or subject matter of the inquiry. Subject to this restriction, it is, on the whole, for the public interest, and best calculated to subserve the purposes of

justice, to allow counsel full freedom of speech, in conducting the causes, and advocating and sustaining the rights, of their constituents ; and this freedom of discussion ought not to be impaired by numerous and refined distinctions.   For these views of the law, and for a more full discussion of the whole subject, we refer to the following English and American cases.  *Molton* v  *Clapham*, March, 20.  *Astley* v. *Younge*, 2 Bur. 807.  *Hodgson* v. *Scarlett*, 1 Barn. & Ald. 232.  *S. C.* at Nisi Prius, Holt, 621, and *notes*.  *Padmore* v. *Lawrence*, 11 Adolph. & Ellis, 380.  *Ring* v. *Wheeler*, 7 Cow. 725.   *Hastings* v. *Lusk*, 22 Wend. 410.  *Mower* v. *Watson*, 11 Verm. 536.  *Bradley* v. *Heath*, 12 Pick. 163.

With these views of the law, the court are of opinion that the instructions prayed for by the defendant ought to have been given to the jury ; and, as stated in the bill of exceptions, these instructions were guarded with sufficient care.   When the learned judge states, in the bill of exceptions, after setting out the instructions prayed for by the defendant, that he refused to give such instructions, we are to understand that he did not substantially adopt the views of the law, as therein stated.   If he had acceded to the proposition substantially, but thought it necessary to modify it in point of form, and for that reason declined giving the instructions in the form prayed for, he would, we think, have stated that he refused giving the instructions in that form, and then stated the instructions which he in fact did give.

As we have already stated, it does not appear what the words, alleged to be slanderous, were ; but whatever they were, if the jury believed, from the evidence, that they were spoken to a witness in a case on trial before a justice of the peace, in the course of the conduct of the case, whilst the witness was under examination, the defendant being complainant, and manager of the case in behalf of the Commonwealth, and that the words were spoken *bonâ fide*, without actual malice, or intent to defame the witness, with a view to elicit the truth from the witness, or give the justice a comment on the testimony, to influ-

ence him thereby in the decision of the case — the defence was maintained. The court having instructed otherwise, we are of opinion that the verdict must be set aside, and a new trial granted.