# S. S. CLEMMONS v. O. H. DANFORTH.

## January Term, 1895.

*Slander.   When words spoken in judicial proceeding are
privileged.   Exceptions.   Request to charge.*

1.  Words spoken in a judicial proceeding are privileged only so
far as they are material to the matter in controversy.

2.  The plaintiff, a physician, presented a claim against the estate
of a deceased person.     The defendant, being interested in
the estate, appeared before the commissioners to resist the
allowance of the same, and there said, among other things,
in reference to the plaintiff:    "This isn't the first time he
has made up an account, either.    He made up one against
me of between forty and fifty dollars for which he hadn't
made a visit, and I paid it and I can prove it."    *Held*, not
material and therefore not privileged.

3.  A request to charge that certain words are actionable, is not
faulty as to the words which are, because it embraces other
words which are not.

4.  Where the exceptions state the tendency of the testimony, it
will be presumed that the whole tendency is stated.

Slander.    Plea, the general issue.    Trial by jury at the
June term, 1892, Bennington county, Munson, J., presiding.
Verdict and judgment for the defendant.    The plaintiff ex-
cepts.

*Batchelder & Bates* and *O. M. Barber* for the plaintiff.

The defendant was not privileged until the hearing actu-
ally began.    *Trolman* v. *Dunn*, 4 Camp. 211; *Lyman* v.
*Gowing*, 6 L. R. Ir. 259.

There is no privilege as to words not pertinent to the issue. *Brown* v. *Hathaway*, 95 Mass. 239; *Hoar* v. *Wood*, 44 Mass. 193; *Gilbert* v. *People*, 1 Denio 41.

*Waterman, Martin & Hitt* for the defendant.

The occasion was privileged, and the privilege extended to whatever was said on that occasion. *Buckley* v. *Wood*, Cro. Eliz. 240; 16 Bac. Ab. 226; *Vanderzee* v. *McGregor*, 12 Wend. 545; 27 Am. Dec. 156; *King* v. *Root*, 21 Am. Dec. 102; *Bradley* v. *Heath*, 22 Am. Dec. 418; *McMellan* v. *Birch*, 2 Am. Dec. 426; *Calkins* v. *Sumner*, 80 Am. Dec. 738; *Shurtleff* v. *Stevens*, 51 Vt. 501; Town., Slander, s. 221; 2 Greenl., Ev., s. 422.

ROSS, C. J. The plaintiff is a practicing physician. He presented a claim against his father-in-law's estate for professional services rendered to the intestate and his wife. The defendant is an heir to the estate and interested to have defeated the allowance of unjust claims against it. The action is slander. The declaration charges, and the plaintiff's testimony tended to establish, that at the second meeting of the commissioners for the allowance of claims against the estate, upon the presentation by the plaintiff of an itemized account of his claim, the defendant, in the presence of the commissioners, his counsel and other persons, and before he was sworn as a witness, said: " I swear all these charges of Dr. Clemmons except his ten visits to mother are false and fraudulent. This isn't the first time he has made up an account, either. He made up one against me of between forty and fifty dollars for which he hadn't made a visit, and I paid it and I can prove it."

The defendant did not justify by pleading the truth of the words charged, but denied having spoken them. His testimony tended to show that he did not speak the words charged; that what he did speak was after he was sworn

and while he was a witness; and that if he said anything be-
fore he was called as a witness it was only that the plaintiff's
account was unjust and fictitious, except the ten visits to his
mother, and that he stated this in good faith, believing it to
be true, for the protection of his interest and in discharge of
his duty. In this state of the pleadings and tendency of the
testimony, the plaintiff presented to the court several re-
quests to charge. The second one only need be considered.
That reads:

"If the words, spoken before the defendant was sworn as
a witness, were substantially as charged in the declaration,
and were spoken touching the plaintiff in his profession and
business, they are actionable in themselves, and the verdict
should be for the plaintiff."

This request is addressed to the facts as the plaintiff's evi-
dence tended to establish them to be. If it embodies the
law applicable to such a state of facts, it was the duty of the
court to comply with it. It assumes that the occasion did
not privilege, absolutely nor qualifiedly, what the defendant
said relative to the plaintiff's having fabricated and collected
charges for professional visits against him; or that, if this
was in a sense privileged, on the pleadings and evidence,
the plaintiff was entitled to a verdict. The court did not
comply with this request, except so far as to tell the jury
that the words would be actionable unless privileged. It
properly submitted to the jury to find what words were
spoken on the occasion, and whether they were spoken be-
fore or after the defendant became a witness. It, in sub-
stance, told the jury that if they found that the defendant
said before he was a witness all which the plaintiff claimed,
and if they found it was more than was necessary to secure
a proper contest of the plaintiff's bill, yet as the occasion
was in a sense privileged, the plaintiff could not recover for
such excess unless he established it was spoken maliciously.
The plaintiff duly excepted to the refusal to comply with
the request, and to this portion of the charge. The plain-

tiff's counsel concedes that the presentation of the plaintiff's claim to the commissioners was the commencement of a judicial proceeding, in which the defendant was a party in interest, and that the occasion gave him a qualified privilege in what he said, before he was a witness, in reference to the character of the claim presented; and that the plaintiff could not recover for the speaking of this portion of the words charged, unless he showed that the defendant took advantage of the occasion, maliciously, to characterize the charges—except those for ten visits to the mother—to be false and fraudulent, for the purpose of slandering the plaintiff, not believing what he said to be true.    He further contends that if the defendant on that occasion went further and made the charge that the plaintiff had made up and presented against the defendant a false and fraudulent account and collected it, the charge was not, in a sense, privileged, because not pertinent nor material to the defence of the claim presented by the plaintiff; was actionable because injurious to the plaintiff in his profession and business and because plainly a charge of having obtained money under false pretenses; was, under the pleadings, conceded to be false, and therefore conclusively malicious.    He further contends that, if the occasion could make this charge in a sense privileged, such qualified privilege could arise only when it was made to appear that the defendant made the charge in good faith, believing it to be true, and pertinent to a defence of the claim presented by the plaintiff.    On either of these contentions, he claims his second request should have been complied with.    These contentions bring for consideration the circumstances and occasion under which an actionable slander is privileged either absolutely or qualifiedly.

In respect to privilege, a party and his counsel or attorney stand alike.    The counsel, or attorney, is the agent of the party, acting and speaking for him.    At the common law,

judges, parties, jurors, counsel and witnesses were privileged absolutely for anything spoken or published "in a course of justice"; 4 Bacon's Ab. *499. In the earlier cases in England, counsel and the party and witnesses were not absolutely privileged for everything they might say in a judicial proceeding. But it was confined to what the party and his counsel might say, or do, in the conduct of the case, or what the witness might answer with reference to the inquiries put to him, and some of the cases intimate that their sayings and answers must be confined to what is pertinent or material to the matter under investigation. But the later decisions show a tendency, from public policy, to make this privilege absolute for everything which a party, his counsel, or a witness may say or do in the case. Odg. on Slan. & Lib., *189-194; *Seaman* v. *Netherclift*, 1 C. P. D. 540, and 2 C. P. D. 53. The privilege of a party and of counsel in respect to what they say and do in judicial proceedings, came early before this court in *Torrey* v. *Field*, 10 Vt. 353. The case was important, fully argued and carefully considered. The action charged that the defendant had in a bill in chancery, under the order of the chancellor, published a libel on the plaintiff. It is there said :

" This privilege, or immunity, for words spoken, extends equally to parliamentary proceedings, proceedings in the state legislatures, and in congress; to parties, witnesses, jurors, judges, and counsel in courts of justice; in short, to any one who, in the course of the discharge of public duty, or in pursuit of private rights, is compelled to participate in the administration of justice or in legislation. * * * While, on the one·hand, the party ought not to be required, in the course of judicial proceedings, to see to it that every allegation which he might deem for his interest to put upon the record, or which, in the ordinary course of such proceedings, it might seem necessary to publish, should, in the event of the suit, prove religiously true, it is evident, on the other hand, that no more ought he to be permitted under the guise and form of judicial proceedings to publish scandal and the basest slander without having any interest or occa-

sion to make such publication, except the gratification of personal malice. No person ought, in the course of judicial proceedings, even to publish that which he has no reason to believe, and does not in fact believe, and has no occasion to publish, except for secondary purposes. *  *  * If he publishes more than is warranted by the ordinary forms of process and pleading, or on an occasion not requiring it, he cannot claim the protection of a suitor in court."

Again, it is said :

"It does seem to be an admitted principle of the law of libel and slander that no action lies for anything said or written, or published, in the ordinary course of judicial proceedings, and which comes within the ordinary scope of the forms and process therein, however groundless or malicious the suit may be, even if the process of the court is sought as a mere cloak of malice or slander. *  *  * If the truth of the words is relied upon in justification it must be specially pleaded, but the defendant is not compelled to plead specially any matter which shows that the words were not spoken maliciously, but on a justifiable occasion, or that they were spoken by counsel, in the course of the discharge of his duty to his client, and were pertinent to the matter in question ; or in giving the character of a servant, or where the defendant had an interest in the question, and spoke the words in the reasonable and necessary pursuit and defence of that interest."

The defendant had filed several pleas in bar, setting forth and relying upon the publication under the order of the chancellor. The plaintiff had demurred to the pleas generally and specially. Speaking in regard to the order of pleading and the burden of proof, the court said :

"If the defendant did publish more than he was warranted in doing by the order, he is liable for the excess, if that contained scandal of a libellous character and was published with a malicious intent to defame the plaintiff and expose her to public disgrace, ridicule and contempt. But the excess should have been specially replied by the plaintiff, and would then stand as the basis of her claim for damages, and the question of the defendant's intent in the publication of the excess must be referred to the jury. For it is not to be tolerated, if the party shall in good faith publish more than

is strictly warranted by the chancellor's order, that he should be liable to an action on that account. But if he publish more, and the excess is libellous, he is *prima facie* liable, and it is incumbent on him to show that he was not actuated by any malicious intent in that portion of the publication. And the jury are not to infer that he was not actuated by malice, unless upon proof of some other motive."

This is clearly a holding that if the publication was in excess of the order, and was libellous, the plaintiff was entitled to recover, unless the defendant should show that he was not actuated by malice in publishing such excess.

In *Mower* v. *Watson*, 11 Vt. 536, the question of the privilege of counsel and party came again under consideration. The principles announced in *Torrey* v. *Field* were approved. After citing and remarking upon several cases, the court sums up by saying :

" From the foregoing cases the true ground of the privilege is readily deduced. *Prima facie*, the party or his counsel is privileged for everything spoken in court. If any one considers himself aggrieved, in order to sustain an action of slander, he must show that the words spoken were not pertinent to the matter then in progress, and that they were spoken maliciously and with a view to defame. So that if the words spoken were pertinent to the matter in hand, the party and counsel may claim full immunity from an action of slander, however malicious might have been his motive in speaking them. So, too, if the words were not pertinent to the matter in issue, yet if the party spoke them *bona fide*, believing them to be pertinent, no action of slander lies."

*Torrey* v. *Field* is referred to as stating the rule more fully. Hence what is here said is not to be taken as changing the burden of proof as laid down in that case. These decisions have been frequently recognized as correctly setting forth the principles governing this class of cases by this court and by other courts of last resort. *Nott and wife* v. *Stoddard*, 38 Vt. 25 ; *Dunham* v. *Powers*, 42 Vt. 1. In the last case a distinction is made between the privilege of a juror or witness, who acts as a part of the court, compul-

sorily, under oath, and the privilege of counsel who is act-
ing for the protection of private interests ; holding that the
former are absolutely privileged for anything said in the
ordinary course of proceeding or *bona fide*, while the latter
is " only *prima facie* privileged for what he may say in the
course of the proceeding and in which he participates."
But speaking in the name and on behalf of his party, the
privilege of counsel is the privilege of his party.   This dis-
tinction between the privilege of a judge, juror or witness,
and the privilege of a party and his counsel for words
spoken or published, in the course of judicial proceedings,
or for the assertion of private rights in such proceedings, is
generally recognized by courts of last resort in this country.
It is therein generally held that if it appears that the words
spoken or published, or the assertion made, were spoken,
published and made in the ordinary course of proceedings
in a tribunal which has jurisdiction of the subject matter,
with power to redress the complaint, and, if nothing further
appears, the words of the party interested therein, and of his
counsel, are *prima facie* privileged.   But when it is made
to appear that the words spoken, or published, are neither
pertinent nor material to the subject matter under investiga-
tion, and are actionable, this *prima facie* privilege is re-
moved.   Many courts hold that only the truth of the words
can be shown in defence.   Other courts, and this in *Torrey*
v. *Field*, *supra*, hold that the party or his counsel may show
that he spoke the words in good faith, with probable grounds
to believe, and on an honest belief, that they were true, and ·
were pertinent or material to the subject matter under inves-
tigation, and in the assertion of the rights of the party there-
in.   The latter courts hold that such further circumstances
and conditions accompanying the speaking of actionable
words on such an occasion, establish the good faith of the
party or his counsel in using them and rebut malice.   This,
we think, is the result of the decisions of courts of final re-

sort in this country, and in harmony with the decisions of this court. *Gilbert* v. *People*, 1 Denio 41; 43 Am. Dec. 646 and note; *Stackpole* v. *Hennen*, 6 Martin 481; 17 Am. Dec. 187 and note; *Hastings* v. *Lusk*, 22 Wend. 410; 34 Am. Dec. 330 and note; *Bodwell* v. *Osgood*, 3 Pick. 379; 15 Am. Dec. 228 and note; *Tenvilliger* v. *Wands*, 17 N. Y. 54; 72 Am. Dec. 429 and note; *Shadden* v. *McElwell*, 86 Tenn. 146; 6 Am. St. R. 821 and note; *McAllister* v *Detroit Free Press Co.*, 76 Mich. 338; 15 Am. St. R. 318 and note; *White* v. *Nichols*, 3 Howard 266; *Hoar* v. *Wood*, 44 Mass. 193; *Brow* v. *Hathaway*, 95 Mass. 239; *Rice* v. *Coolidge*, 121 Mass. 393; 23 Am. R. 279; *Hamilton* v. *Eno*, 81 N. Y. 116; *Commonmealth* v. *Wardwell*, 136 Mass. 164; *Boir* v. *Moore*, 187 Penn. St. 385; 30 Am. R. 367; *Upton* v. *House*, 24 Oregon 420; 41 Am. St. R. 863; *McLoughlin* v. *Cawley*, 127 Mass. 316, and 131 Mass. 70.

The last two cases, and especially *McLaughlin* v. *Cawley*, are instructive in determining when and how far matters arising in judicial proceedings are conditionally privileged. In *McLoughlin* v. *Cawley*, the defendant was an attorney, and was employed to bring an action against a party for falsely representing the plaintiff to be a trustworthy person, which representations had been acted upon and resulted to the damage of the party employing him. In his complaint, after setting forth the representations and that they were false, and known to be so to the party who made them, he proceeded to say that the party further knew that the plaintiff ''had caused to be put to death, immediately after its birth, an illegitimate child born to him by," a person named. The plaintiff at the time had a wife living, so that the language inserted, in substance, charged him with having committed the crimes of adultery and murder. In his answer to the plaintiff's complaint the defendant denied specifically that he made the charge in the manner com-

plained of, and averred that if he did, the same was true and not libellous. On the trial he offered to testify that he be-- lieved the charge to be true, and offered to testify as to the information on which he made it, and that he was instructed to make it by his client. It was held that the charge was grossly libellous and actionable, was not privileged, because not pertinent nor material to the subject matter of the com-- plaint, and could be justified only by showing its truth.

On the facts embodied in the request, if found established, what the defendant said on that occasion may be considered in two views; first, as spoken to his counsel in protection of his interest in his father's estate, and to defeat the allowance of an unjust claim; second, as spoken to the other heirs who had a like interest in the estate. In either view the oc- casion furnished only a qualified privilege. The cases fall- ing under this kind of privilege, Mr. Odger, in his work on Slander and Libel, groups under three heads, the second of which is: "Where the defendant has an interest in the subject matter of the communication, and the person to whom he communicates it has a corresponding interest." As applicable to the three groups, he says, *197 :

" But it must be remembered that although the occasion may be privileged, it is not *every* communication made on such occasion that is privileged. It is not enough to have an interest or duty in making a communication; the interest or duty must be shown to exist in making *the* communication complained of." (Per Dowse. B., 6 L. R. Ir. at p. 269.)

A communication which goes beyond the occasion " ex- ceeds the privilege."

Again, p. *229, he says, under the heading of " State- ments necessary to protect defendant's private interests " :

"Any communication made by the defendant is privileged which a due regard to his own interest renders necessary. He is entitled to protect himself. But in such cases it must clearly appear not merely that some such communication was necessary, but that he was compelled to employ the very words complained of. If he could have done all that his

duty or interest demanded without libelling or slandering the plaintiff, the words are not privileged. Thus, it is very seldom necessary in self-defence to impute evil motives to others, or to charge your adversary with dishonesty or fraud. * * * So, too, in cases where some such communication is necessary and proper in the protection of the defendant's interests, the privilege may be lost if the extent of its publication be excessive."

Again, on same subject, p. *245 :

" So, too, in making a communication which is only privileged by reason of its being made to a person interested in the subject matter thereof, the defendant must be careful not to branch out into extraneous matter with which such person is unconcerned. The privilege only extends to that portion of the communication in respect to which the parties have a common interest or duty."

Cases are cited in the illustrations supporting these propositions. Apply these principles to the facts embodied in this request. The only subject matter for the consideration of the commissioners, the defendant's counsel and the other heirs, was the claim of the plaintiff for professional services. The only interest which he or the other heirs had was to defeat the allowance of that portion of it which they thought unjust. For this purpose he might, if he had reasonable grounds, characterize a portion of the claim as false and fraudulent and be protected by the occasion. But when he proceeded to say : " This isn't the first time he has made up an account, either. He made one up against me of between forty and fifty dollars, for which he hadn't made a visit, and I paid it and I can prove it," he stated what had no relation to the claim presented by the plaintiff; what the other heirs had no interest in ; what was between himself and the plaintiff personally ; what he claimed to have personal knowledge of. He made a charge, wholly disconnected with the claim presented by the plaintiff, and with his own interest and the interest of the other heirs therein—a charge which was actionable, which he does not claim to be true, nor that he had

reasonable grounds to believe to be true, either by his testimony or his pleadings.  Under the circumstances, the occasion did not privilege nor protect him in making the charge. If it should be contended that, being interested to defeat the unjust portion of the plaintiff's claim, he made this charge that the plaintiff had made and collected charges against him for which he had rendered no services, to his counsel and to the other heirs to induce them to join in defending against the unjust portion of the plaintiff's claim, the contention cannot be maintained.  On the pleadings and on his own evidence, the defendant does not claim that this part of the charge was true, nor does he claim that he had reasonable grounds to believe, and that he did honestly believe, it to be true and pertinent to a defence of the claimed unjust charges of the plaintiff.   A party is neither absolutely nor conditionally privileged to utter to his counsel, and to those jointly interested with him in defending a particular matter, and to others not so interested, a false and actionable slander of the other party to the matter in controversy, not in any way pertinent nor material to the matter in controversy, to induce those jointly interested, and his counsel, to join him in defending the matter in controversy.   He has no interest nor duty to make such a charge.   It will be wholly unavailing and injurious to himself and to those jointly interested.   If he succeeds in securing the aid of the others jointly interested, it will lead him and them into unsuccessful litigation, so far as the same is dependent upon the charge.   His failure either to justify the charge as true, or to show that he had reasonable grounds to believe, and that he did honestly believe, it to be true and pertinent, negatives that he made it in good faith.   Privilege arises from interest and duty.   It does not arise out of an occasion in which no interest nor duty to make the slanderous utterance is shown to exist.   This request should have been complied with, inasmuch as on the pleadings and on

the facts which the testimony tended to establish, as the case was left at the close of the testimony, the occasion did not privilege the utterance of the charge, even under the decisions which allow malice to be negatived by showing that the defendant made the charge in good faith, on reasonable grounds, and in the honest belief that they were true and pertinent. The request was not faulty in that it contained also a charge spoken on the same occasion which, on the evidence, was conditionally privileged; for, if the defendant spoke on the occasion all that was embraced in the request, the plaintiff would be entitled to recover, for the excess which was not privileged. It is not to be presumed that there was evidence in the case tending to establish that the defendant had reasonable grounds to believe, and did honestly believe, that this part of the claimed utterance, if made, was true and pertinent to the plaintiff's claim then under consideration. When the exceptions purport to state the tendency of the testimony on a point excepted to, it will be presumed that it states its whole tendency, inasmuch as the statement is made for the purpose of showing the point and scope of the exception. *Armstrong* v. *Colby*, 47 Vt. 359. Limited as it was by the charge, the testimony excepted to was properly received.

*Judgment reversed and cause remanded.*