STEPHEN S. PLACE *v.* GRAND TRUNK RAILWAY COMPANY.

Special Term at St. Johnsbury, April, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed July 22, 1910.

*Master and Servant—Injuries to Servant—Action—Bill of Exceptions—Extract from Charge—Presumptions—Instructions—Evidence.*

Where the bill of exceptions purports to quote that part of the charge to which an exception was taken, it will be presumed that it states all that is important on the subject.

The court charged that plaintiff's evidence had two aspects: First, that the switchmen had left the switch properly set, but that in some unknown way it had been displaced; and, second, that there was a defect in the switch rail, so that the locomotive would be likely to take, and did take, the wrong track; and that, if the switch by some inadvertence became set for the wrong track, then, and then only, it would be necessary to consider whether the absence of a switch lock was negligence, the plaintiff claiming that if it had been locked the accident would not have happened. The defendant excepted for that there was no evidence from which the jury could determine, except by guess, whether the switch was in the position by intent, inadvertence, or the intervention of trespassers, and for that there was no evidence that through some misadventure, or the trespass of some one, the switch, if properly set, was changed to the wrong track. *Held,* that the exception was sufficiently explicit, if the change was bad for any of the reasons specified; and that, as there was no evidence that the switch was displaced by trespassers, the charge erroneously submitted the case so as to allow the jury to find that the switch was so displaced.

CASE for negligence. Plea, the general issue. Trial by jury at the October Term, 1909, Essex County, *Taylor,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*L. L. Hight* and *Harry B. Amey* for the defendant.

There was no evidence tending to show that the switch was displaced by trespassers, and it was error so to submit the case as to allow the jury to find that the switch was so displaced. *Kelton, Admr.* v. *Hill et al.*, 58 Me. 114; *Good* v. *Knox & Eaton*, 64 Vt. 97; *Fullerton* v. *Fordyce*, 42 Am. St. Rep. 521; *Schmidt* v. *McGill*, 6 Am. St. Rep. 713; *Whipple* v. *Wing*, 39 Me. 424; *Northern Pacific R. R. Co.* v. *Paine*, 119 U. S. 561; *Vicksburg etc. Co.* v. *Putnam*, 118 U. S. 545; *Taplin & Rowell* v. *Marcy*, 81 Vt. 428; *Wellington* v. *Central Vermont R. R.*, 64 Vt. 107; *St. Clair* v. *Riddle*, 72 Ala. 527; *Gaither* v. *Wilmo*, 71 Md. 361; *Edwards* v. *McCadden*, 20 Iowa 520; *Cuit* v. *Waples*, 1 Minn. 124; *State* v. *McBride*, 19 Mo. 239; *Stewart* v. *Taylor*, 68 Cal. 5; *Acton* v. *Dooley*, 16 Mo. App. 441; *Wallace* v. *Hillard*, 7. Wis. 526; *Thompson & Co.* v. *Shea*, 11 Fed. 847; *Hallam* v. *Dickinson*, 45 Ark. 120; *Dyer* v. *Coombs*, 65 Mo. App. 148; *Poulson* v. *Cuttler* 18 Mo. App. 583; *Clousen* v. *Patterson*, 122 Pa. St. 372.

*Herbert W. Blake* and *Howe & Hovey* for the plaintiff.

The exceptions do not show that all the evidence upon this point was embraced therein. The testimony is not referred to, and this Court cannot say that the evidence did not have the tendency stated by the court, or that the court did not further charge upon this subject. *State* v. *Burns*, 79 Vt. 272; *Sears* v. *Duling*, 79 Vt. 334; *Fletcher* v. *Wakefield*, 75 Vt. 257; *State* v. *Smith*, 71 Vt. 331; *Re Barney's Will*, 71 Vt. 217.

ROWELL, C. J.  This is an action by a servant against his master for personal injury negligently inflicted. The case has been here twice before, as shown in 80 Vt. 196, 67 Atl. 545, and 82 Vt. 42, 71 Atl. 836.

The question being whether a certain switch was set for the boiler-house track on which the plaintiff was working when injured, or for the ash-pit track, the court charged that the plaintiff's evidence had two aspects: (1) that the switchmen had left the switch set for the ash-pit track, but that in some way not known, through some misadventure, either through accident or the trespass of some one, it had been displaced and turned for

the boiler-house track; and (2) that there was a defect in the switch rail, so that if the switch, which had no lock, was set for the ash-pit track, the engine would be likely to take and did take the boiler-house track.

The defendant's evidence tended to show that the switch when left was set for the boiler-house track, and that it was the fault of the engine hostler who was operating the engine, and was the plaintiff's fellow-servant, that the engine was run onto the boiler-house track and the plaintiff injured.

The court further charged that if the switch was set for the ash-pit track, but by some inadvertence became set for the boiler-house track, then, and then only, it would be necessary to consider whether the absence of a switch lock was negligence, the plaintiff claiming that if the switch had been locked it could not have been inadvertently changed, and so the accident would not have happened.

The defendant excepted to the charge, for that there was no evidence from which the jury could determine, except by guess, whether the switch was in the position it was by intent, inadvertence, or the intervention of trespassers; and for that there was no evidence that through some misadventure or the trespass of some one the switch, if set for the ash-pit track, was changed to the boiler-house track.

The evidence on this point was, the exceptions say, that the switchmen used the switch about two hours before the accident, and left it set for the ash-pit track; and there was no evidence, the exceptions say, tending to show that any of the defendant's employees touched the switch between that time and the time of the accident. But the defendant says that the testimony shows—a transcript of which is made controlling—that the switch was turned in the ordinary course of business and not otherwise. The plaintiff says, on the contrary, that if the switch was left for the ash-pit track, there was evidence tending to show that through some inadvertence, either through accident or the trespass of some one, it became displaced and turned for the boiler-house track; and that though the case shows that sectionmen were working in that vicinity, there is no evidence tending to show that they had either authority or occasion to change the switch; and he submits that even the employees of the defendant had no right to change the switch so as to make a safe

place unsafe, except when necessary to use the track in doing the defendant's work, and if they changed it otherwise or for other purposes they were trespassers.

But the plaintiff objects that the exception is not available because the bill of exceptions does not show that the court did not charge further upon the point to which the exception was taken. But as the bill purports to give an extract from the charge to which the exception was taken, it will be presumed that it states all that is important on the subject, inasmuch as the extract is given for the purpose of showing the point and scope of the exception. *Clemmons* v. *Danforth,* 67 Vt. 617, 629, 32 Atl. 626, 48 Am. St. Rep. 836.

The plaintiff also objects that the exception is too general to be good if the charge is not wholly bad, and insists that it is not wholly bad but wholly good. But we think it sufficiently explicit to be good if the charge is bad in any particulars specified. The plaintiff also objects that the charge excepted to is in exact accord with the holding when the case was here the second time. But although it was then said that it was clearly competent for the plaintiff to prove that there was no lock on the switch; that until within a year of the accident it had been kept locked; and that locks were commonly used by the defendant on similar switches in that yard,—yet the question now presented did not then arise, and therefore it can not be said that the holding then is controlling on the point now under consideration.

We need not inquire whether the court was right in saying that there was no evidence tending to show that any of the defendant's employees touched the switch between the time it was left for the ash-pit track—if it was so left—and the time of the accident, for we think there was no evidence tending to show that the change, if any there was, was brought about by the intervention of trespassers; and yet the case was submitted in a way to allow the jury to infer and find that it was thus brought about, as if that was enough without more. That was error, not only because there was no evidence tending to show it, but because if thus brought about it would not follow that the defendant was liable, for the act might have been such as to break the causal connection between the defendant's negligence and the injury complained of and thereby exonerate the defendant altogether as matter of law. And if not that, the act might have been such

that, as matter of fact, the defendant was not bound to anticipate it, and therefore not liable.

There is much said in the cases about not looking back of the last efficient cause, especially when that is the wilful tort of an independent third person. But we need not consider the subject here. Nor need we consider the other exceptions, for the question involved in one of them can hardly arise again, and the question involved in the other is of minor importance and not likely to arise again.

*Judgment reversed and cause remanded.*