### STATE OF VERMONT v. JOHN REMELEE.

*Criminal Law. Appeal. Intoxicating Liquor. Jurisdiction.*

On an appeal from the judgment of a justice of the peace upon a complaint for selling, furnishing and giving away intoxicating liquor contrary to law, the county court may try the respondent for other offences than those in regard to which evidence was given before the justice, provided such additional offences were within the justice's jurisdiction under the original complaint.

The facts in this case are stated in the opinion of the court.

*C. C. Dewey*, for the respondent.

*W. H. Smith* and *E. Edgerton*, for the prosecution.

PECK, J. In this case it appears that a complaint was presented by a town grand juror against the respondent for selling, furnishing and giving away intoxicating liquors without authority, contrary to the statute on that subject. The complaint is in that general form prescribed by the statute. On trial before the justice the respondent was found guilty of eight offences, and sentenced to pay a fine of eighty dollars and costs. The respondent appealed, and the case was tried by jury in the county court at the September Term, 1862.

On trial in the county court the attorney of the government called a witness who was not used as a witness in the trial before the magistrate, and offered to prove by him that the respondent, on several occasions, at Rutland, in 1862, previous to the exhibition of the complaint, sold, furnished and gave away intoxicating liquor, as charged in the complaint, conceding at the same time that the offences he so offered to prove, were other than, and different from, and in addition to, those proved, or attempted to be proved, on the trial before the justice. This was objected to on the part of the respondent, but admitted by the court, and the witness testified according to the offer. To this the respondent excepted. The jury returned a verdict, guilty of ten offences, being two more than the respondent was convicted of before the justice.

State *v.* Remelee.

The only question in the case is whether that ruling was correct—whether it was competent for the government on this appeal to introduce evidence of distinct offences, not attempted to be proved on the trial before the justice.

The county court in the trial of the case had only appellate jurisdiction, and could not take cognizance of any offences, except such as were brought up by the appeal. The complaint before the justice was broad enough to include all the offences of which the county court took cognizance, including those offences, the evidence of which the respondent objected to. In point of law these offences did not exceed the justice's jurisdiction ; so that the justice might legally have tried, under this complaint all the offences of which the county court took cognizance. But it is insisted that the county court had jurisdiction of those offences only which the justice actually tried. If the appeal brings up for trial only such offences as the justice actually heard and tried, the county court erred in admitting the evidence of the additional offences. But no principle is better settled than that an appeal brings up the whole case, and that the jurisdiction of the appellate court is limited only by the limits of the court from which the appeal is taken. The justice once having acquired jurisdiction of the offences in question under the complaint, that jurisdiction was not lost by the neglect of the government to prove these offences before the justice ; therefore, on appeal the whole case is open for proof in the appellate court, to the extent of the original jurisdiction of the justice, under that complaint.

Suppose the information or complaint to have been brought originally in the county court, and a trial had, and on exceptions or on motion, a new trial is granted, could the respondent limit the government on a second trial, to proof of the identical sales attempted to be proved on the former trial ? It is clear he could not. It is difficult to distinguish that case from this, unless we say that the appeal brings up only the question of the legality or propriety of the judgment of the justice upon the evidence on that trial. But the appeal vacates the justice's judgment, and brings up the whole case and opens it for new proof, to the

State *v.* Remelee.

extent of the original jurisdiction of the justice upon the complaint before him. Suppose a civil suit is brought, and the plaintiff produces no evidence in support of his claim, and submits to a judgment against him, and appeals. If it is true that the appeal brings up nothing except what the plaintiff attempted to prove in the court below, the plaintiff in the appellate court could introduce no evidence whatever, and must submit to a judgment in the appellate court, because he introduced no evidence in the court below. Every day's experience tells us that no such limited construction has ever been given to an appeal in a civil suit ; and although in criminal cases the right of appeal is given only to the respondent, yet, when taken by him, no reason is perceived why its operation in transferring the entire jurisdiction of the case to the appellate court, should not be the same as in a civil suit.

Not only were these additional offences within the scope of the complaint before the justice, and within his legal jurisdiction, but for ought that appears they were among the offences for which the grand juror *in fact* presented the complaint, and as his neglect to introduce evidence in support of them did not cause the jurisdiction to lapse, these offences were legally before the county court for trial, and the evidence objected to was properly admitted.

The respondent's exceptions are overruled.