## STATE *vs.* E. L. White.

October Term, 1897.

Present:  Ross, C. J., TAFT, TYLER, MUNSON, START and THOMPSON, JJ.

*Keeping Liquor with Intent to Sell—Evidence—Examined Copy—Record in Office of Revenue Collector — Abbreviations — Interpretation— Province of Court—State not Confined to Date Alleged—Trial De Novo on Appeal—When State Compelled to Elect—Discretion—Surprise— Evidence of Intent from other Transactions.*

In a prosecution for owning and keeping intoxicating liquor with intent to sell the same contrary to law, a paper which the court found to be an examined copy of a record in the office of the collector of internal revenue, was admissible to prove that a person bearing the same name as the respondent was granted a license as a retail liquor dealer for the period in question, it being left to the jury to find whether the respondent was that person.

The form used by applicants for licenses, containing a note suggesting the use of the letters, R. L. D., for "Retail Liquor Dealer," in the column headed "Business," was properly received and used by the court, in connection with such examined copy, as an aid in interpreting the letters "R. L. D.," as used in the column headed "Business," in the examined copy.

The examined copy showing an entry of $25 in the column set apart for the amount paid for the license, it was proper to show that that was the amount of the special tax of a retail liquor dealer, and that the special taxes of other classes of dealers were different in amount.

Extrinsic evidence is admissible to explain the meaning of technical characters and abbreviations; and the interpretation of such is the province of the court.

In a prosecution for owning and keeping intoxicating liquor with intent to sell the same contrary to law, the State is not confined to the date named in the complaint, but a conviction may be had for an offense

committed on any date within three years next preceding the exhibition of the complaint; and if, after a trial in the municipal court, the case is taken to the county court by appeal, the whole case is to be tried as if it had been commenced there.

It is wholly within the discretion of the county court when to compel the State to elect upon which date it will claim a conviction, if the respondent is given an opportunity to make his defense.

The respondent cannot urge that he was surprised and prejudiced by the ruling of the court as to election, when the exceptions do not disclose it, nor that he made any application for a continuance.

COMPLAINT for owning and keeping intoxicating liquor with intent to sell the same contrary to law. Plea, not guilty. Trial by jury at the March Term, 1897, Washington County, *Rowell,* J., presiding. Verdict and judgment of guilty. The respondent excepted.

*R. A. Hoar* and *G. T. Swasey* for the respondent.

*Fred A. Howland,* State's Attorney, for the State.

THOMPSON, J. This was a prosecution against the respondent for owning and keeping intoxicating liquor with intent to sell the same contrary to law, commenced in the city court of Barre, and appealed therefrom to the county court. The complaint was dated Sept. 18, 1896, and the offense was alleged therein to have been committed Sept. 14, 1896. No specifications were filed in the city court, nor did it appear upon what time the State there relied for conviction.

The evidence tended to show that Vermont belongs to the same Internal Revenue District as New Hampshire, and that the collector's office is kept at Portsmouth, New Hampshire. The State offered in evidence a copy of the record in the collector's office of special tax payers in Barre on which appeared the name of the respondent, and after it the letters "R. L. D.," indicating the business for which the license was granted, and also "$25," which indicated the amount paid for the license.

The sheriff of the county was produced as a witness, who

testified to his having, himself, made the copy from the official records, and to its correctness, and that his request for a certified copy was denied. The exceptions state that, from the evidence, the court found as a fact that said paper was an "exemplified copy" of the record in the collector's office, of the special tax payers for the fiscal year 1895–6, in the city of Barre, and admitted the copy in evidence; to which finding and admission in evidence, the respondent excepted.

Mr. Weeks, deputy collector for Vermont, except Windham County, was improved as a witness by the State, and testified in substance that he used abbreviations in his official business, and used some of those in note "a" at the bottom of the form produced by him, which came to him with other forms from the collector's office in Portsmouth; that this is the form on which the special tax payer makes his application for a special stamp tax; that there are three kinds of licenses issued by the government for the sale of liquors, in his district,—viz., the retail liquor dealer's license, —retail dealer in malt liquor, and wholesale dealer in malt liquor, and that the amount of the special tax as retail liquor dealer is $25; as retail dealer in malt liquors, $20, and as wholesale dealer in malt liquors $50. The State offered said form in evidence in connection with the examined copy, for the purpose of obtaining the aid of note "a" in interpreting the letters "R. L. D." as they appeared in the copy in the column headed "Business," and to its admission for that purpose, the respondent excepted. The court found to be true all that the testimony of Mr. Weeks tended to prove and admitted the form for the purpose for which it was offered, and by the aid of note "a" at the foot thereof, which stated in substance that the abbreviation "R. L. D." might be used for "Retail Liquor Dealer," interpreted said letters as used in said copy to mean "Retail Liquor Dealer" and to indicate as connected with and applied to the person thereon called "White,

E. L.," that his business was that of a retail liquor dealer; but the court left it to the jury to say whether or not the respondent was that person. To the interpretation and finding that said letters indicated the business of that person to be that of a retail liquor dealer, the respondent excepted.

It is claimed by the respondent in argument that the copy was not an exemplified copy. Technically, it is not. But, it is apparent from the exceptions that the use of the word "exemplified" is a clerical error, because the copy was offered as an examined copy, and is elsewhere referred to as an examined copy, which in fact it was. It was held in *State* v. *Spaulding*, 60 Vt. 233, that the records in the collector's office were competent evidence, and that they were clearly within the class of public books and official registers, which may be proved by an examined or sworn copy. Hence, it was not error to admit the examined copy in evidence, nor was it error for the court to receive evidence to explain the meaning of the letters "R. L. D.," and the significance of the "$25" appearing after the name of E. L. White in the examined copy, in order to enable the court to properly interpret it to the jury. *State* v. *Stevens*, 69 Vt. 411: 38 Atl. Rep. 80. Extrinsic evidence is admissible to explain the meaning of characters technical or not commonly intelligible, and abbreviations. Stephen's Dig. Ev. (Chase's ed.) 167; 1 Greenleaf Ev. § 280.

It was the province of the court to interpret the meaning of the letters as used in the document, in connection with its interpretation of it. 1 Greenleaf Ev. (12th Ed.) § 277 and notes 2 and 3.

The evidence further warranted the finding of the fact by the court that the paper was an examined copy of the record, in the collector's office, of the special tax payers for the fiscal year 1895–6 in the city of Barre.

The evidence on the part of the State tended to show that June 18, 1896, officers searched the hotel of the respondent,

at No. 59 South Main street in Barre, for liquor, and found in the cellar thereof a place fitted up as if for a drinking place, and found liquor there, which they seized and carried away; and that they again searched the place Sept. 14, 1896, and found substantially the same condition of things as before, and liquor in the cellar, which they seized and carried away, and also found in the cellar three men, all of whom were more or less intoxicated. At the close of the testimony, and before argument, the State elected to rely, as to time for conviction, on June 18, 1896, instead of Sept. 14, 1896, which the court allowed it to do, to which the respondent excepted. The court charged the jury that the time alleged in the complaint was not material, but that a conviction could be had for an offence committed June 18, 1896, to which the respondent also excepted. He now contends that the State was confined to the time alleged in the complaint and also urges that the respondent was tried and convicted before the city court for the offence committed Sept. 14, 1896. This contention is not tenable. The exceptions disclose that it did not appear upon trial what time the State relied upon in the city court for conviction. The appeal brought the case before the county court as if it had been originally commenced there, and a conviction could be had for an offence committed on any date within three years next before the exhibiting of the complaint, if it was one for which the respondent might have been convicted in the city court. The prosecution in either court was not confined to the date alleged in the complaint, and the respondent in that court might have been convicted for an offence committed either on June 18, or Sept. 14. *State* v. *Remelee*, 35 Vt. 562.

It was wholly within the discretion of the county court when to compel the State to elect, if the respondent was given an opportunity to make his defense. *State* v. *Bridgman*, 49 Vt. 202. The respondent now urges that he was surprised by the ruling of the court below in this

respect, but the exceptions do not disclose that fact, nor that he made any application for a continuance on the ground of surprise, and he cannot now be heard to urge a new trial upon that ground. *Briggs* v. *Gleason*, 27 Vt. 114.

Subject to the exception of the respondent, the court charged the jury that, as bearing on the question of what the respondent's intent was on June 18, in respect to selling liquor, it was competent in the circumstances to inquire, among other things, what his intent was in that regard Sept. 14, following; that if they found he then kept liquor with intent to sell, contrary to law, he could not be convicted for that, but the fact might be used as bearing on the question of what his intent was June 18.

The offense charged consisted of two elements, viz., the owning and keeping intoxicating liquor, and the specific intent to sell the same contrary to law. The character of the place where the liquor was seized June 18, was an important factor in determining the question of the intent with which the intoxicating liquor in question was kept by the respondent. The fact that it was kept in a liquor saloon was evidence tending to show that it was owned and kept for the purpose of sale, contrary to law.

If the liquor found September 14, was kept with intent to sell contrary to law, the fact that it was so kept, tended to show that the place where it was kept was still a liquor saloon. The characteristics of the place bearing upon the intent with which the liquor was kept, were then identical with what they were at the previous search, except that men were found drunk there Sept. 14. There was such continuity of the surroundings and the business carried on in the place searched, that the intent with which the liquor was kept at the time of the latter search, clearly bore upon the question of the intent with which it was kept on the first named date, and the court correctly instructed the jury in regard to its bearing on that question. *Pierce* v. *Hoff-*

*man,* 24 Vt. 525; *State* v. *Bridgman,* 49 Vt. 202; *Eastman*
v. *Premo,* 49 Vt. 355; *State* v. *Haley,* 52 Vt. 476; *Bradley*
*Fertilizer Co.* v. *Fuller,* 58 Vt. 315; *Whitney Wagon Works*
v. *Moore,* 61 Vt. 230; *Castle* v. *Bullard,* 23 How. (U. S.)
172; 1 Greenleaf Ev. (12th ed.) § 53.

What has already been said disposes of the claim made by
the respondent that the county court had no jurisdiction to
try the respondent for the offense for which he was
convicted, and to pronounce judgment and sentence
thereon, and consequently his motion in arrest of judgment
cannot avail him.

> *Judgment that there is no error in the proceedings of*
> *the county court, and that the respondent take*
> *nothing by his exceptions. Judgment and sentence*
> *affirmed. Let execution of sentence be done.*