THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* IRVIN H. TURNER, Plaintiff in Error.

*Opinion filed October 28, 1913.*

1. CRIMINAL LAW—*jury must fix term of imprisonment for incest.* As the statute specifying the punishment for incest fails to fix a minimum term of imprisonment the jury must fix the punishment, and it is reversible error for the court to impose an indeterminate sentence under the Parole law.

2. SAME—*what does not show that the grand jury was illegal.* A certificate by the county clerk stating that there was no request, in writing, by at least one-third of the members of the board of supervisors requesting a meeting in December does not show that a grand jury selected at the December meeting was illegal, where the certificate is silent as to whether there was an adjournment of the regular September meeting to December.

3. SAME—*when allowance of a motion to amend is within discretion of court.* Where a general motion to quash the indictment has been made and overruled, a plea of not guilty entered and two continuances had on motion of the accused, it is within the discretion of the trial court to allow the plea of not guilty to be withdrawn and the motion to quash amended so as to specify the grounds therefor.

4. SAME—*proof of complaint by the victim is limited to the offense of rape.* The rule permitting proof, in a prosecution for rape, of immediate complaint by the woman assaulted does not extend to other offenses, but is merely an exception to the rule which forbids hearsay evidence.

5. SAME—*what does not amount to proof of complaint in a prosecution for incest.* Where one defense in a prosecution for incest is that the defendant's daughters and their aunt have conspired to send him to the penitentiary and secure his property, it is competent to show that the aunt came to Illinois and assisted in the prosecution after receiving a letter from the daughter written after the occurrence charged in the indictment, and such proof does not amount to proof of a complaint, there being no evidence of the contents of the letter nor that any complaint was made.

6. SAME—*the proof of previous acts of incest is admissible.* Where the State's attorney has elected to rely for a conviction upon the act of incest charged as occurring on a certain date, it is not error to permit the wronged daughter to testify to the frequent repetition of the same acts covering a period of four and one-half years prior to the date relied upon, as the logical connection between the series of acts is such that one tends to establish another, and all are admissible.

7. SAME—*proof of three acts of incest on same date does not require further election of offenses.* Where the State's attorney has elected to rely for a conviction upon an act of incest committed on a certain date, proof that on that date there were three different acts of incest does not require the State's attorney to make a further election as to which particular act he will rely upon for a conviction, as the repetition of the acts on the same date does not make them distinct felonies.

8. SAME—*daughter cannot be an accomplice to crime of incest committed upon her.* Under the Illinois statute concerning incest the daughter is regarded as the victim and not an accomplice and cannot be indicted for the offense, and it is error to give instructions concerning the weight to be given her testimony, based upon the ground that she was an accomplice to the crime, even though

her testimony might be construed to indicate that she was a willing participant in the act.

9. SAME—*test in determining whether person is an accomplice.* An accomplice is one who is associated with another in the commission of a crime, and the test is whether he or she could be indicted for the offense.

WRIT OF ERROR to the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding.

C. F. MORTIMER, EVAN WORTH, BEACH & TRAPP, and HUMPHREY & ANDERSON, for plaintiff in error.

PATRICK J. LUCEY, Attorney General, EVERETT SMITH, State's Attorney, and KING & MILLER, for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Irvin H. Turner, the plaintiff in error, was found guilty by a jury, in the circuit court of Logan county, of the crime of incest with his daughter, Grace B. Turner, and was sentenced by the court to imprisonment in the penitentiary.

The court failed to observe that the punishment for incest is imprisonment in the penitentiary for a term not exceeding twenty years, so that the Parole law, which provides that the term of imprisonment shall not be less than one year, does not apply. The jury did not fix the term of imprisonment, and the sentence was for an indeterminate period under the provisions of that law. For that error the judgment must be reversed and the cause remanded to the circuit court for another trial. *People* v. *Hartsig,* 249 Ill. 348; *People* v. *Afton,* 258 id. 292.

The assignment of errors includes numerous other alleged grounds for a reversal of the judgment, some of which cannot arise upon another trial and others probably will not, but some of them must be considered and decided, either because sustaining them would be fatal to the prose-

cution or to its further prosecution in Logan county, or because they will doubtless arise upon another trial. One of these is, that the court erred in not permitting an amendment of a motion to quash the indictment and quashing it. The indictment was returned by the grand jury at the January term, 1912, when a formal motion to quash was made without assigning any grounds therefor. The motion was overruled and the defendant' pleaded not guilty. The cause was continued, on his motion, to the May term, 1912, and upon his motion was again continued until the September term, 1912, when he asked leave to withdraw his plea of not guilty and to amend the motion to quash, for the purpose of raising the question whether the meeting of the board of supervisors at which the grand jurors were selected was a lawful meeting. The grand jurors were selected on December 8, 1911, at a meeting of the board commencing on December 4, 1911, and the motion to amend was accompanied by a certificate of the county clerk that there was no request in writing by at least one-third of the members of the board, addressed to the clerk, requesting the meeting. The court overruled the motion to withdraw the plea and amend the motion to quash. To allow or disallow the motion was within the discretion of the court, and inasmuch as the motion did not present any question concerning the sufficiency of the charge but only sought to raise a question having no relation to the merits, and there had been two continuances, on motions of the defendant, while the Statute of Limitations was running, and the facts had been a matter of public record during that time, the discretion was properly exercised. A grand jury can only be selected at a meeting of the board of supervisors lawfully held, when the board could exercise the power given by law to select grand jurors. (*Marsh* v. *People,* 226 Ill. 464.) But the certificate of the clerk did not show that the December meeting was not legal. It was silent as to whether there was an adjournment of the

regular September meeting to December 4, 1911. The court could not have quashed the indictment upon such evidence. It was alleged that the certificate of the county clerk to the clerk of the circuit court of the selection of the grand jurors was not under seal, but there is no requirement that it shall be under an official seal.

At the May term, 1912, the defendant applied to the court for a change of venue on account of the prejudice of the inhabitants of Logan county, and his application was supported by affidavits of a great many persons that the case had been discussed and publications made in newspapers, from which facts they concluded that there was a strong prejudice against the defendant. On the part of the prosecution there was a large number of affidavits by public officials and persons engaged in various lines of occupation in different parts of the county, denying that there was any prejudice of the inhabitants of the county against the defendant or that they had heard the case discussed adversely to him. The court was justified in finding that there was no prejudice which would prevent the defendant receiving a fair and impartial trial in Logan county and in denying the application. It seems that the jury were selected from the regular panel and that no difficulty was experienced in obtaining jurors to whom there was no objection. Counsel quote the examination of a juror as indicating that the defendant could not receive a fair and impartial trial. The juror was asked if he was sure that he had no prejudice against the crime of incest greater than he had against any other penitentiary offense, and he answered that he did not think he had, which, they say, shows that he was not very positive about it. The crime of incest between father and daughter is one so unnatural, shocking and revolting to the normal mind that it would be strange if any person should regard it as of the same grade as some minor offense relating to property, such as breaking into a freight car or building for the pur-

pose of stealing some trifling thing, although the offense might· be punished by imprisonment in the penitentiary. If a juror should say that he had a greater abhorrence of the crime with which the defendant was charged than of some other offense it would not indicate incompetency to sit as a juror, and the answer of the juror in this case was quite favorable to the defendant. Presumably there would be the same abhorrence of this crime in other counties as well as Logan. The court overruled a challenge for cause and the juror was challenged peremptorily, and the defendant having exhausted his challenges, then challenged peremptorily the last four jurors together. There is no ground for saying that the court erred in denying the application for a change of venue.

The State's attorney elected to rely for conviction upon acts committed by the defendant on November 16, 1911, and it is alleged that the court erred in admitting evidence that Grace B. Turner wrote a letter immediately after that occurrence to her aunt, Ruth Hammond, who lived at Hannibal, Missouri, which caused the aunt to come to Illinois and participate in the prosecution of the defendant. Ruth Hammond was a sister of the deceased mother of Grace B. Turner, and on receipt of the letter she came to the city of Lincoln, in Logan county, and went with Grace when the warrant was procured for the arrest of defendant. The objection is that the court permitted proof of a complaint to her aunt by Grace B. Turner, but there was no evidence of the contents of the letter or that she made any complaint. A material part of the defense was that Ruth Hammond, Grace B. Turner and Tona Turner, a younger daughter of the defendant, conspired to prosecute the plaintiff in error for the purpose of sending him to the penitentiary and securing his property. The charge was made before the trial in an affidavit for a continuance, and throughout the trial Ruth Hammond was charged with originating the conspiracy. Evidence was introduced of declarations alleged to

sustain the charge. Ruth Hammond was called as a witness for the prosecution and gave some formal testimony as to the relationship of the defendant and Grace B. Turner, and said that she came to Lincoln after receiving the letter. In a lengthy cross-examination attacks were made upon her as instigating the prosecution and engaging in a conspiracy to send the defendant to the penitentiary, when she and the girls would sell the farm and obtain his property. The rule permitting proof, in a prosecution for rape, of immediate complaint by the woman alleged to have been assaulted does not extend to other offenses but is an exception to the rule which forbids hearsay evidence. (*People v. Scattura,* 238 Ill. 313.) But the fact that Ruth Hammond received the letter was competent in answer to the charge made against her, for the purpose of showing the circumstances under which she came to Lincoln.

It is urged that the court erred in admitting testimony of Tona Turner that the defendant committed an offense against her of the same kind with which he was charged in the indictment. Grace B. Turner testified that about a week after the death of her mother, when she was under fourteen years of age, her father commenced the commission of acts with her constituting the crime of incest, and that on one occasion he brought the younger sister, Tona Turner, to witness the act and explained it to her. Tona Turner was called as a witness, and in fixing the time when she was present said that it was about the time he began on her. There was no question which called for an answer of that kind, and there was no answer which stated, in terms, the commission of such an offense as might be implied from her language. While there was no testimony of any act committed with her there was some intimation in her answers that such was the fact, but the court immediately struck out everything from which that inference could arise and did everything possible to exclude any evidence even implying the commission of the crime with

Tona Turner. The court did not admit evidence of any offense other than the one with which the defendant was charged.

Grace B. Turner was permitted to testify to a very frequent repetition of the same acts, covering a period of four and a half years, up to the occasion which the State's attorney elected to rely upon. Objection was made to the testimony on the ground that the offenses went back of the three years' limitation. The purpose of the testimony was not to secure a conviction for offenses beyond the statutory limitation and no conviction was asked for because of such offenses, but the evidence was admissible because the various acts were so connected that the prior acts had a tendency to prove the crime charged, especially as to the act of which Tona Turner was made a spectator at the instance of the defendant. Evidence tending to prove a similar but distinct offense from that for which the defendant was being tried was not admissible, but there was such logical connection between the series of acts that one tended to establish the other, and all were therefore admissible. *Lyons* v. *People*, 137 Ill. 602; *Williams* v. *People*, 166 id. 132.

The prosecution having elected to rely upon the acts of November 16, 1911, the testimony was that there were three different acts during that night, and the defendant moved the court to elect which of the three acts the prosecution would rely upon for conviction, and the court denied the motion. The repetition of the acts at that time did not make them distinct felonies, and the court did not err in the ruling.

On cross-examination Grace B. Turner gave this answer to a question: "I did not enjoy it at first, but afterwards I did." Based on that answer, it is argued that Grace B. Turner was an accomplice and that her testimony was to be received with great caution, and was subject to all the infirmities of testimony given by one concerned in the commission of a crime. Two instructions were asked

on behalf of the defendant, informing the jury in one that if Grace B. Turner was a party to the act she was an accomplice, and the jury should act upon her testimony with great care and caution and subject it to careful examination in the light of all the other evidence in the case, and ought not to convict upon her testimony unless, after a careful examination thereof, they were satisfied, beyond all reasonable doubt, of its truth; and in the other, that her testimony was that of an accomplice and should be so considered by the jury. An accomplice is one who is associated with another in the commission of a crime, and the test whether a person is an accomplice is whether he or she could be indicted for the offense. (*Thompson* v. *United States,* 30 App. Cas. (D. C.) 352; 12 Ann. Cas. 1004, and notes; 12 Cyc. 445; 1 Am. & Eng. Ency. of Law,—2d ed.—390.) Our statute provides that if a father shall rudely and licentiously cohabit with his own daughter the father shall be confined in the penitentiary for a period not exceeding twenty years. The daughter is regarded as a victim and not an accomplice, and cannot be indicted for the offense. Whatever the rule may be as between other relatives, a daughter is not an accomplice of her father. She cannot be regarded as a criminal under the act concerning accessories, which declares that one who aids, abets, assists or advises the perpetration of a crime shall be considered a principal, since she was an actual participant and her participation in the offense was not a crime. The statute was made for her protection, and it could not be the intention of the General Assembly that a girl could be guilty as principal, under the statute concerning accessories, in a case where she would commit no crime by taking part in the commission of the act. *People* v. *Trumbley,* 252 Ill. 29.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*