STATE *v.* MARY SHIPMAN GUYER.

November Term, 1916.

Present:  MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed March 3, 1917.

*Evidence—Keeping House of Ill Fame—Election by State—*
    *Witnesses—Impeachment—Harmless Question and Answer*
    *—P. S. 5893—Character of House—What Circumstances*
    *May Be Considered by Jury as Affecting Credibility of*
    *Witnesses—Costs in Criminal Prosecution.*

In a prosecution for keeping a house of ill fame, testimony of a witness
    that, while in the house upon a certain occasion, he was drinking
    to some extent, is admissible as tending to show the character of
    house to be as alleged, in connection with other evidence that
    witness was there in company with a woman of bad character,
    with whom he had improper relations.

The time when the State should be compelled to elect a date upon which
    to rely in a criminal prosecution is within the discretion of the
    court, if the respondent is given opportunity to make defence.

The fact that a witness had several times been convicted, on plea of
    guilty, of the crimes of stealing and obtaining money under false
    pretences, involved moral turpitude and affected the witness's
    credibility and was properly admitted in evidence under the objec-
    tion of immateriality.

In a prosecution for keeping a house of ill fame, a question asked of one
    of the State's witnesses as to whether respondent had a reputation
    for chastity, and his answer that she had, was harmless, as laying
    the foundation for the further question as to what that reputation
    was, which was asked and answered without objection.

Under P. S. 5893 the gist of the offence of keeping a house of· ill fame
    is the keeping of the house, irrespective of its fame, and the char-
    acter of the house cannot be shown by proof of its reputation.

An exception taken by respondent to the refusal of the court to compel
    the State to elect the date of the offence is unavailing where the
    court limited the State to the date alleged in the complaint and in-
    structed the jury accordingly.

In passing upon the credibility of any witness and the weight to be at-

tached to his or her testimony, the jury may consider the age, intelligence, interest, or motives actuating the witness in testifying, if any, and all other circumstances in evidence before them.

In taxing the costs against the respondent in a criminal prosecution, an item of $10, "for automobile service and assistance" is not allowable.

PROSECUTION, under P. S. 5893, for keeping a house of ill fame. Plea, not guilty. Trial by jury in the city court of the city of Barre, *Scott*, Judge. Verdict, guilty. Respondent excepted. The opinion states the case.

*Richard A. Hoar* for the respondent.

It was error to allow the witness Lacroix to testify that he was drinking while at respondent's house. The evidence tended to show the commission of an offence different from the one alleged in the complaint, because it tended to produce an impression in the minds of the jury that the liquor was obtained from respondent. Although evidence of the commission of another crime by the respondent is admitted as tending to show the commission of the same kind of act by him, no case has been found where evidence tending to show the commission of an independent offence has held to be admissible. *State E. Potter,* 52 Vt. 33; *State* v. *Hallock,* 70 Vt. 159; *State* v. *Marshall,* 77 Vt. 262; *State* v. *Barr,* 78 Vt. 97; *State* v. *Willett,* 78 Vt. 157; *State* v. *Sanderson,* 83 Vt. 351.

It was error to allow the State to impeach the witness Bennett, its own witness. There was no finding that she was adverse. P. S. 1597. *Davis* v. *Buchanan,* 73 Vt. 67; *Alger* v. *Castle,* 61 Vt. 53; *Hurlbert* v. *Hurlbert's Est.,* 63 Vt. 667; *Good* v. *Knox,* 64 Vt. 97.

It was error to permit the question whether respondent had a reputation for chastity. *State* v. *Broderick,* 51 Vt. 421; *State* v. *Viscome,* 78 Vt. 485; *State* v. *Plant,* 67 Vt. 451.

The State should have been compelled to elect on what date or occasion it would rely for a conviction at the close of its evidence. *State* v. *Plant,* 67 Vt. 454; *State* v. *White,* 70 Vt. 225; *State* v. *Barr,* 78 Vt. 97; *State* v. *Willett,* 78 Vt. 157.

*Fred E. Gleason.* State's Attorney, for the State.

Evidence of the sale of liquor in the place is admissible in prosecution for such offences as in the case at bar. Underhill on Crim. Ev. (2nd ed.) § 482; *State* v. *Cameron,* 20 So. Dak. 282; *Beard* v. *State,* 71 Md. 275; *Com.* v. *Cardoze,* 119 Mass. 210; *Sullivan* v. *State,* 75 Wis. 650; *State* v. *Williams,* 30 N. J. Law 102.

·The State was properly permitted to inquire of the witness Bennett relative to her character, to show the sort of a person she was, in view of the fact already shown that she was a frequenter of respondent's place. 9 R. C. L. 226; Underhill on Crim. Ev. (2nd ed.) § 237, n. 26, § 482; *People* v. *Mills,* 94 Mich. 630; *Betts* v. *State,* 93 Ind. 375; *Whitlock* v. *State,* 4 Ind. App. 432; *Com.* v. *Brunnell,* 20 Pa. Super. Ct. 51; *Com.* v. *Gannett,* 83 Mass. 7; *Bindnagle* v. *State,* 60 N. J. Law 307; *State* v. *Hendricks,* 15 Mass. 194; *State* v. *Price,* 115 Mo. App. 656; *Comm.* v. *Clark,* 145 Mass. 251; Hughes on Crim. Law, §§ 1145-1148.

It was within the court's discretion whether to compel an election by the State. *State* v. *White,* 70 Vt. 225; *State* v. *Hurd,* 101 Iowa 391; *State* v. *Higgins,* 121 Iowa 19; *State* v. *Hasty,* 121 Iowa 507; *State* v. *Graves,* 21 R. I. 252.

The court protected the rights of the respondent in charging the jury that the State's failure to elect limited the time to the date alleged in the complaint. *People* v. *Wheeler,* 142 Mich. 212; *State* v. *Steen,* 125 Iowa 307.

The court did not err in refusing to direct a verdict for respondent. *Fahnestock* v. *State,* 102 Ind. 156; *Bindernagle* v. *State,* 60 N. J. Law 307, 61 N. J. Law 259.

WATSON, J. The respondent has been found guilty of the crime of keeping a house of ill fame in the city of Barre. One Frank Lacroix, a witness called by the State, testified to going to the house·of the respondent, with two other men, on the day alleged in the complaint, and that while there one Mrs. Bennett came there; that Mrs. Bennett invited him to go upstairs with her, and he went, and when upstairs they got into a bed, remaining there between five and eight minutes, and then went back downstairs. The witness was asked whether he was drinking down there and, subject to exception on the ground of immateriality, answered that he was, some. Other evidence in the case tended to show that Mrs. Bennett was a woman of bad character. As against the objection made, the ruling was not erro-

neous. In connection with the other evidence in the case, the evidence objected to tended to show the character of the house to be as alleged. Underhill on Crim. Ev. § 482.

The same witness further testified to being at the respondent's house again five or six days afterwards, and that he then saw there the respondent and the same Mrs. Bennett. The respondent asked that the State be compelled to elect a date. The court ruled that the State would have to elect before the case went to the jury. An exception was saved because such election was not then ordered. This exception is without force. The time when the State should be compelled to make its election was within the discretion of the court, if the respondent was given an opportunity to make her defence. *State* v. *White,* 70 Vt. 225, 39 Atl. 1085.

The State called Mrs. Bennett as a witness, and after testifying that she knew the respondent and had boarded at her house at one time, and had been there once or twice since, she was asked by the attorney for the State whether she had not been convicted at different times, on the plea of guilty, for stealing and obtaining money under false pretences. Subject to objection as immaterial, the evidence was admitted as a matter of impeachment, and exception taken. The fact that the witness, on her plea of guilty, had several times been convicted of such an offence, can hardly be said to be immaterial. It involved moral turpitude, and affected her credibility. The ruling on the question raised by the objection named, was without error. P. S. 1595:

Samuel Sinclair, the chief of police of the city of Barre, and a witness for the State, was asked whether or not the respondent had a reputation for chastity. To this respondent objected, but did not state any ground of the objection. The witness answered that she had. The question and answer were harmless. They simply laid a foundation for the further question as to what that reputation was, which was asked and answered without objection.

At the close of the evidence the respondent moved for a directed verdict in her favor on the ground that it was the reputation of the place that ought to be proved and there had not been a question asked about its reputation,—that all the witnesses had testified about the reputation of the people who went there. This motion was properly overruled. Under our statute, the

gist of the offence is the keeping of the house, irrespective of its fame. The character of the house cannot be shown by proof of its reputation. *State* v. *Plant,* 67 Vt. 454, 32 Atl. 237, 48 Am. St. Rep. 821.

During the charge of the court, counsel for respondent renewed his motion that the State be compelled to elect the date of the offence, and to the overruling of the motion saved an exception. Whereupon the court limited the State to the date alleged in the complaint and instructed the jury accordingly. The date being thus directed by the court, the respondent had the same benefit as though the election had been made by the State, and the exception is unavailing.

In the course of the charge, the court said to the jury: "Was that house on the 13th day of August kept for the purpose of prostitution and lewdness? Did she (respondent) permit men and women to resort thereto for that purpose, to resort thereto knowingly? For she must know that they resorted for that purpose. The testimony is before you and it is short. As we understand the law, the character as to chastity of the witnesses is for you to consider in weighing their evidence as given in court. For what purpose would they be in that house, if you find that they were there on the 13th day of August?"

The respondent excepted to what the court here said about the chastity of the witnesses being so considered by the jury. The evidence tended to show that several women, whose character was shown to be bad, frequented the respondent's house, or were there at different times. These women testified as witnesses in the case, but severally stated some proper reason for being at that house. The part of the charge to which the exception was taken seems to point to this class of witnesses. What the court there said is well within the rule that a court may properly tell the jury that, in passing upon the credibility of any witness and the weight to be attached to his or her testimony, they may consider the age, intelligence, interest in the case, or motives actuating the witness in testifying, if any, and all other circumstances in evidence before them. 2 Thomp. Trials, § 2418.

Included in the taxation of costs against the respondent, is an item, "Assistance $10." Exception was taken to its allowance. The transcript states that this sum was paid by the officer "for automobile service and assistance." No question is raised respecting the right to include in the taxation of costs

against her an item for necessary assistance, if any was had and paid for by the officer; but it is urged that no allowance can be had "for automobile service." This item should be excluded from the taxation. There is no law by which the sum paid for such service can be taxed against a respondent. How much of the item is in fact for necessary assistance, if any, does not appear, and hence the whole item must be disallowed.

*Judgment that there is no error in the proceedings and that the respondent take nothing by her exceptions. But since the taxation of costs entering into the sentence was erroneously made, the sentence is set aside, and the respondent will be sentenced anew.*