(No. 16035.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. JAMES R. LEWELLYN, Plaintiff in Error.

*Opinion filed October 28, 1924.*

1. CRIMINAL LAW—*defendant's knowledge as to age of prosecuting witness is not material in statutory rape.* In a prosecution for statutory rape it is not material that the defendant did not know the age of the prosecuting witness, if she was, in fact, under the age of consent.

2. SAME—*when verdict of the jury will not be disturbed.* The Supreme Court will not interfere with the verdict of the jury when it is based upon and supported by the evidence.

3. SAME—*prosecuting witness cannot be regarded as an accomplice in statutory rape.* An accomplice in crime is one who is guilty of such acts as render him a party to the crime, but in a prosecution for statutory rape the prosecuting witness cannot be regarded as an accomplice in the crime.

WRIT OF ERROR to the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding.

E. V. ORVIS, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ASHBEL V. SMITH, State's Attorney, and EDWARD C. FITCH, (SIDNEY H. BLOCK, of counsel,) for the People.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error, James. R. Lewellyn, (herein referred to as defendant,) was convicted of the crime of rape by the verdict of a jury and his penalty was fixed at the term of one year in the State reformatory. The court entered judgment on the verdict. He has sued out this writ of error to review the judgment.

The evidence upon which the defendant was convicted is in substance the following: He was between the ages of seventeen and eighteen years at the time of the alleged crime. The prosecuting witness, Laura Corlett, was between the ages of fifteen and sixteen years, having been born May 17, 1907. Both resided in the city of Highland Park. In April, 1922, the defendant and the complaining witness became acquainted. They met several times thereafter and on various occasions attended dances together. Soon after their acquaintance the defendant began calling her endearing names and hugging and kissing her. They were seen together a number of times between April and August, 1922, in which latter month she was sent to the Park Ridge Boarding School by her mother to keep her from keeping company with boys. She returned from that school in October, 1922, and for a time thereafter refused to communicate with the defendant because her mother objected to him. In November, 1922, they met at a dance and at that time renewed their acquaintance and thereafter were frequently together. On December 8, 1922, the prosecuting witness was attending the high school at Highland Park. On that day she met the defendant after school and walked with him to Moraine Beach, where they had sexual intercourse. Three days later they met again and walked to Fort Sheridan, where they again had sexual intercourse. Their relations so continued for a number of months and on a great number of occasions they had sexual intercourse.

The defendant asked her to marry him and she consented, but the marriage was postponed from time to time by the defendant, who made various excuses for his failure to carry out his promise of marriage. On January 26, 1923, the prosecuting witness quarreled with her mother and left home. She met the defendant and they stayed together at a flagman's shanty in Highwood that night. The following day the complaining witness went to the Central Hotel, in Highland Park, where she remained two days and met the defendant during this time, who gave her money each time they met. She became sick and the defendant took her to his mother's home, where she remained for two days. While there his mother asked her if there were any unlawful relations between her and her son, and she replied that there had not been any such relations. After she left the home of the defendant they again stayed all night at the flagman's shanty, the defendant leaving before morning. She remained with the flagman until morning. The prosecuting witness was taken to her mother's home by a policeman the next day, where she remained until April 6, 1923, and on nearly every occasion that she met the defendant they had sexual intercourse and the defendant continued to promise to marry her. On April 4, 1923, she informed him that she was pregnant, and according to her testimony he replied that he was glad that she was, as they could then get married, and if the child was a boy to name the child after him. The prosecuting witness was corroborated in the foregoing evidence by other witnesses, as will later appear. On the trial the defendant denied making these statements or knowing that she was pregnant. On April 6, 1923, she was sent to the State Training School for Girls at Geneva. On November 27, 1923, she gave birth to a child, which she testified was the defendant's. He admitted that he had kept company with the girl as above set out but denied ever having had sexual intercourse with her. He denied that he had admitted to the probation officer that

he was the father of the girl's child, and in this he was corroborated by his mother, who accompanied him to the office of the probation officer. He also introduced testimony to the effect that the girl had been in the company of other boys at times during the time that he was alleged to have had intercourse. His evidence also shows that she told him that she was eighteen years old during those times when they had sexual intercourse, but it is clear from the record that he knew that she was not that old; and besides, it was immaterial whether he knew it or not.

The defendant relies upon three propositions for a reversal of this judgment: (1) That the verdict was against the evidence; (2) that the court improperly limited cross-examination; and (3) that the court gave improper instructions for the State to the jury.

The first proposition argued by the defendant cannot be supported by the evidence in the record. The guilt of the defendant is clearly established by the evidence, and the jury would not have been warranted in returning any other than a verdict of guilty. He admitted practically every fact stated by the prosecuting witness except the bare statement by her that he had had sexual intercourse with her. The record is clear that she gave birth to a child that was conceived during the times that he was with her. The probation officer, although contradicted by the defendant and his mother, stated that the defendant admitted to her that he was the father of the child. This court is committed to the doctrine that it will not interfere with the verdict of the jury when it is based upon and supported by the evidence, and particularly in those cases where the evidence is as clear and satisfactory as it is in this case.

The claim of the defendant that the prosecuting witness was an accomplice of the crime is based upon a misconception of the law. In order for one to be an accomplice in crime he must be guilty of such acts as would render him a party to that crime. (*People* v. *Turner*, 260 Ill. 84.)

It would be ridiculous to make the claim that the prosecuting witness in this case was guilty of rape upon herself.

The complaint of the court's ruling on the cross-examination, made by the defendant, is not of such importance as to have any material bearing on the case. The cross-examination to which the court sustained an objection was upon immaterial matters, and the claim that the defendant was unduly prejudiced thereby cannot be sustained. Besides, the record does not show that any complaint was made during the trial to such rulings of the court.

All of the instructions that were given by the court for the People were correct statements of the law applicable to the case, and those offered by the defendant that were refused were embodied in other instructions or were properly refused for other reasons.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

---

(No. 16093.—Judgment reversed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM H. MARTIN, Plaintiff in Error.

*Opinion filed October 28, 1924.*