STATE *v.* GEORGE MASON.

November Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed February 4, 1925.

*Criminal Law—Conviction for Larceny on Different Theory Than That on Which Case Tried and Without Evidence of Felonious Intent Not Sustained—Requested Instructions as to Presumption from Evidence of Respondent's Good Character Properly Refused.*

1. Where State in prosecution for larceny of a cow tried case upon theory that respondent, when driving home some cows purchased by him had stolen a cow belonging to third person from field adjoining road, and no claim was made of criminal intent if cow in question had been taken from seller's barn as claimed by respondent, affirmative answer to jury's question whether respondent could be convicted of crime charged, if he drove cow home from seller's barn knowing that it was not one he had purchased and retained possession of animal for number of months, *held* to necessitate reversal, as permitting conviction upon different theory than that on which case was tried, and, without evidence of felonious intent, an essential element of crime charged.

2. In such case, in which respondent introduced evidence of his good character, the court having charged jury that such evidence might create reasonable doubt in favor of respondent, but leaving the question entirely for jury's consideration and determination, respondent's request to charge that presumption arising from possession of cow by respondent might be entirely overcome by evidence of good character alone, was properly refused.

INFORMATION for larceny. Plea, not guilty. Trial by jury at the December Term, 1923, Lamoille County, *Willcox,* J., presiding. Verdict of guilty, and judgment on verdict. The respondent excepted. The opinion states the case. *Reversed and remanded.*

*Roger W. Hulburd* and *W. W. Reirden* for the respondent.

A case should be submitted to the jury on the theory or theories on which it was tried. 38 Cyc. 1632; Bronson's Instructions to Juries, p. 57, § 37; *Dozier* v. *State*, 12 Ga. App. 722, 78 S. E. 203; *Jackson* v. *Commonwealth*, 96 Va. 107, 30 S. E. 452; *McDonough* v. *Williams*, 77 Ark. 261, 7 Ann. Cas. 276; *Stevens* v. *State* (Neb.), 19 Ann. Cas. 121; *State* v. *Hope* (Mo.), 8 L. R. A. 608; *Reed* v. *State* (Okla.), 24 L. R. A. (N. S.) 268; *Stuckslager* v. *Neel* (Pa.), 16 Atl. 94.

The State is bound by the issue it made upon trial, and by conduct and statements of its attorney. *Probate Court* v. *Enright*, 79 Vt. 416; *Brown* v. *Aitken et al.*, 90 Vt. 569; *United States* v. *U. S. F. & G. Co.*, 83 Vt. 278; *Clark* v. *Tudhope*, 89 Vt. 246.

*W. E. Tracy,* State's attorney for the State.

TAYLOR, J. The respondent was prosecuted and convicted before the county court on an information charging in the usual form the larceny of a certain cow, the property of one Frank Kendall. It appeared in evidence that a short time before the day in question the respondent. who lived in the town of Eden, had purchased some cows of C. H. A. Stafford and Sons of Morrisville. Some of these cows were on the Stafford farm in Elmore. By appointment the respondent went to the farm on October 5, 1922, to get his cows. The Staffords failed to meet him, but by telephone instructed their man in charge of the farm to permit the respondent to take his cows. Thereupon the respondent selected from the herd of some thirty or forty cows such of them as he claimed to have purchased and drove them to his home in Eden. There was a conflict in the evidence respecting the number of cows taken from the Stafford farm. The State's evidence tended to show that the respondent left the Stafford barn with only eight cows, while the respondent's evidence tended to show there were nine. It was undisputed that the respondent drove home nine cows on that occasion. The road taken by the respondent on his way home passed through the farm of Frank Kendall, which adjoins the Stafford farm. The State's evidence tended to show that Kendall's cows were pastured that day in a field beside this road; that the cows were

all there at noon of the day in question, which was some five hours before the respondent passed; that when the cows were driven up for the night shortly after the respondent passed, the cow in question was missing; that the field was securely enclosed and a certain barway leading from the field to the highway nailed up when last seen earlier in the day; that after the cow was missed it was discovered that this barway had been tampered with; that Kendall visited the respondent's premises in Eden shortly after the cow was lost looking for her, but did not find her; that early in September, 1923, as the result of a telephone message received from one of the Staffords, he went there again and found the cow in the respondent's possession, running with other cows in his pasture; that the respondent denied having taken the cow from Kendall's field and claimed that she was one of the number that he purchased of the Staffords; that the cow was not one of the cows so purchased, was not among the cows driven away from the Stafford barn, and had never been with the Stafford cows.

[1]     The principal question argued arises on exceptions to the charge, to the refusal to charge as requested, and to the overruling of the respondent's motion to set the verdict aside. While considering the case the jury returned for further instructions and submitted the following question in writing: ''If the respondent Mason drove home the Kendall cow from the Staffords' barn, knowing that it was not a cow that he purchased of the Staffords and kept it for eleven months, or thereabout, could he be convicted of grand larceny?'' The court answered in the affirmative with the qualification, ''provided you believe from the evidence in the case beyond a reasonable doubt that the taking and driving away of the cow was with felonious intent and purpose permanently to deprive the owner, whoever he may have been, of his ownership in the cow taken; and provided further that you find beyond a reasonable doubt from all the evidence that the value of the cow so taken is more than $25.'' The respondent excepted to this instruction, insisting that a negative answer should have been given, on the ground that it was contrary to the theory on which the case had been tried and submitted and further because there was no evidence tending to show that the respondent knew that any cow taken by him from the Stafford barn belonged to Kendall and so no evidence of an intention to deprive Kendall of his property.

The theory of the prosecution was, and its evidence all tended to show, that the respondent took the cow from the Kendall field. There was conflicting evidence as to whether the cow found in the respondent's possession was in fact the one that Kendall had lost. The respondent denied the identity of the cow claimed by Kendall as his and insisted that it was one of the cows he had purchased of the Staffords. There was no evidence tending to show that the taking was with felonious intent, if the cow was one of the number delivered to the respondent at the Stafford barn. In his closing argument the State's attorney told the jury that he did not make any claim that the cow in question was taken from the Stafford barn, and that they should acquit the respondent if they so found. Referring to a time during the discussion at the bench while the court was considering the jury's question, the record states, ''the State's attorney admitted upon the record that the case had been tried and argued upon the theory that the respondent was not guilty if the cow was in fact taken from the Stafford barn as claimed by the respondent.'' Thereupon counsel for the respondent requested the court to instruct the jury in respect to the theory upon which the case had been tried and argued, and excepted to the court's refusal to so charge. Counsel also asked the court to instruct the jury that the State did not then claim that the Kendall cow was in the Stafford barn, and excepted to its refusal to do so. An exception was also saved to the refusal of the court to charge that to make the respondent liable for larceny in taking the cow from the Stafford barn he must at the time have known that he was taking Kendall's cow—''must have had the intention of taking that Kendall cow at the time he took her.'' Similar questions are sought to be raised by the motion to set the verdict aside.

It seems clear that the judgment cannot be sustained. The charge in response to the jury's question permitted a conviction upon an entirely different theory than that on which the case had been tried. In legal effect it permitted the jury to find the respondent guilty of larceny without evidence of an essential element of the crime—a felonious intent. See *Place* v. *Grand Trunk Ry. Co.*, 83 Vt. 498, 76 Atl. 1110. As the case was tried, the respondent would be entitled to an acquittal, if the jury failed to find that the cow was taken from the Kendall field. The State's evidence clearly defined the issue, and the respondent

attempted to meet it by evidence tending to show that the cow was one he had purchased of the Staffords. It was not claimed at the trial that any cow taken from the Stafford barn belonged to Kendall; so the issue of criminal intent in taking any such cow was not raised. The jury's question implied at least a doubt in the mind of some juryman whether the respondent took the cow from the Kendall field. We are unable to say that the charge excepted to did not deprive the respondent of the benefit of such doubt.

[2]  The respondent introduced evidence of his good character. The court instructed the jury that they should consider the fact of the respondent's good character, if found, as tending to show that he would not be likely to commit the offense charged, concluding this portion of the charge as follows: "Evidence of good character may create a reasonable doubt in favor of the respondent, but whether it does or not is a question entirely for your consideration and for your determination." At the close of the charge respondent's counsel requested the court to supplement this by telling the jury that the presumption arising from the possession of the cow by the respondent "may be entirely overcome by evidence of good character alone." *State* v. *Fitzgerald,* 72 Vt. 142, 47 Atl. 403, is relied upon in support of the proposition that it was the duty of the court to give the requested instruction. What that case decides is that an instruction under which the jury were at liberty to determine the question of guilt upon the recent unexplained possession of a part of the stolen property alone was erroneous, in that it deprived the respondent of the benefit of the attending circumstances in his favor and also of the evidence of good character. The quotation from Wills on Circumstantial Evidence here relied upon was made to show the force of evidence of one's good character; but the opinion conveys no intimation even that it would be the duty of the court to charge in the language of the quotation. It was the duty of the court to submit the case to the jury in a manner to require a consideration of all the circumstances for and against the respondent, including the evidence of his possession of the cow and the evidence of his good character. It would be for the jury, on the whole evidence, to say whether they were satisfied of his guilt beyond a reasonable doubt. In effect, this is what the court did, as appears when

the charge as a whole is considered. The exception is over-ruled.

The respondent also excepted to a statement relating to a matter of evidence made by the State's attorney in his argument to the jury. As there is no probability that the same question would arise on the retrial, it would be unprofitable to examine this exception.

*Judgment reversed and cause remanded.*