STATE *v.* JOHN COOMER, JR.

October Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 4, 1933.

*Lee E. Emerson* for the respondent.

*Raymond C. Miles,* State's attorney, for the State.

GRAHAM, J. The respondent was convicted in the Orleans County municipal court of driving a motor vehicle while under the influence of intoxicating liquor. The respondent made a motion for a directed verdict at the close of the State's case, which was renewed at the close of all the evidence, contending that there is no evidence supporting the essential elements of the crime charged to justify the submission of the case to the jury. His exception to the overruling of this motion is first considered.

The evidence most favorable to the State tended to show that the respondent on January 11, 1932, transported in his automobile two people from Craftsbury to the Cleasby hospital in Orleans village. From the hospital the respondent, while riding alone, drove the car to the home of Abner E. Green in the same village. The respondent remained at Green's house several hours and thereafter he and Green went in the car to the business section of the village about one-fourth mile away. The car was stopped and parked in front of the bank block and across the street from the Hartshorn barber shop. The respondent at that time was under the influence of intoxicating liquor.

A. N. Hartshorn, a witness called by the State, testified that he stood in his barber shop, looking through the window toward the street, and that he saw the car when it was driven to the bank block and stopped; that the driver of the car got out from the driver's seat, and came directly into the witness' shop;

and that the respondent was the driver of the car when it stopped in front of the bank. There was some conflict in the testimony of this witness, but that does not wholly deprive his evidence of probative value. Its weight was for the jury to decide. A short time after the respondent left the barber shop he was arrested. The officer who made the arrest said to him, "You ought to know better than to have driven this car while under the influence of intoxicating liquor," and the respondent replied, "I am sorry. I have done wrong." The respondent's evidence tended to show that Green, and not the respondent, was driving the car when it stopped in front of the bank, but the evidence clearly made an issue for the jury, and the overruling of the motion was without error.

▇ The respondent excepted to the failure of the court to charge that "the presumption of innocence is itself a piece of evidence to be weighed in respondent's favor on all material questions in the case in determining the question of respondent's guilt." This exception must be sustained. That the respondent was entitled to such an instruction has long been the settled law of this State. *State* v. *Dugee,* 101 Vt. 491, 495, 144 Atl. 689; *State* v. *Hall,* 96 Vt. 379, 381, 119 Atl. 689; *State* v. *Clark,* 83 Vt. 305, 307, 75 Atl. 534, Ann. Cas. 1912A, 261; *State* v. *Marston,* 82 Vt. 250, 251, 72 Atl. 1075.

The complaint is in one count, and charges that the respondent "at Barton in the County of Orleans, on the 11th day of January A. D. 1932 did operate a motor vehicle on the public highway while under the influence of intoxicating liquor." The State, after introducing evidence tending to show that the respondent while under the influence of intoxicating liquor drove his automobile at about four or four-thirty o'clock in the afternoon of the day in question from the residence of Abner E. Green to the bank block in the village of Orleans, rested its case. The respondent's defense was that the car was driven between those two points by Green, and that the respondent was only a passenger therein. Green, who was called as a witness by the respondent, testified that at about one o'clock of the same day the respondent came alone in his automobile to the witness' house, and that he remained there all of the time until the car was driven to the bank block. Green further testified that the respondent while at his house took four drinks from a bottle, containing what he thought was cider. On cross-examination

the witness was asked: "Q. There was enough about his appearance when he got to your house so that you thought he had been drinking, wasn't there?" and he answered: "A. Yes." Thereupon respondent's counsel inquired whether the State claimed any offense other than the one testified about by Mr. Hartshorn, and the State's attorney replied that the State claimed that on the afternoon in question the respondent drove a car while under the influence of intoxicating liquor. Counsel for respondent then asked the court to confine the issue to that specific offense detailed in the State's evidence, and the court replied: "The court can't restrict the State as to what they claim."

On the record thus made, the State's attorney was permitted in argument to ask a conviction against the respondent for operating the car when he arrived at Green's house, and the court in its charge to the jury said: "If you find he drove the car under the influence of intoxicating liquor up to Mr. Green's then you will find him guilty regardless of what happened afterwards, * * * *." The respondent excepted to the argument of the State's attorney and to the charge of the court on the ground that those acts were outside the issues defined by the State's evidence, and outside the theory on which the State had tried its case.

The exceptions do not raise the question of the sufficiency of the evidence to support a conviction on this theory, but for the purpose of discussing the question presented, we will assume that there was supporting evidence.

A respondent is entitled to know before he makes his defense what specific acts of his the State relies upon as constituting the offense charged against him in order that he may properly meet the charge. A conviction cannot be sustained upon a different theory than that on which the case has been tried. *State* v. *Mason,* 98 Vt. 363, 366, 127 Atl. 651. Where one offense is charged and the evidence shows separate and distinct transactions, and either of them would support the charge in the complaint, the State is required to elect upon which it will rely for conviction. *State* v. *Field,* 95 Vt. 375, 379, 115 Atl. 296; *State* v. *Barr & Pianfetti,* 78 Vt. 97, 62 Atl. 43. The time when the State should be compelled to make its election is within the discretion of the court, if the respondent is given an opportunity to make his defense. *State* v. *Guyer,* 91 Vt. 290, 293, 100 Atl. 113; *State* v. *White,* 70 Vt. 225, 229, 39 Atl. 1085. No elec-

tion is required where a single criminal act is involved and the proof shows its commission in different modes and by different means. See *State* v. *Prouty,* 94 Vt. 359, 363, 111 Atl. 559. Also, there need be no election where separate acts are shown by the evidence to be so related as to constitute but one entire transaction, or one offense (16 C. J. 861, § 2170; *People* v. *Turner,* 260 Ill. 84, 102 N. E. 1036, Ann. Cas. 1914D, 144), nor where the offense is continuous in its nature. *Commonwealth* v. *Sullivan,* 146 Mass. 142, 15 N. E. 491.

It is quite possible that the State by its proof might have shown that the respondent's acts in driving from the Cleasby hospital to Green's house were so related to the act of driving from Green's house to the bank block as to form a single and entire transaction. But it did not do this. The evidence does not disclose that these acts were related either in point of time or by sequence of events. So far as appears, the first act of driving was completed, and about three hours later a new act was committed which was wholly independent of the first. The State introduced its evidence upon that theory, and directed its proof to the second act of driving for the purpose of procuring a conviction upon it. Having particularized a specific offense in the development of its case as the offense charged in the complaint, the State is deemed to have made an election, and, in the circumstances here shown, the court should have confined the evidence, and directed his instructions to that particular offense. These exceptions are sustained.

Other exceptions briefed by respondent present questions not likely to arise again, and so it is unnecessary to discuss them.

*Judgment reversed, conviction and sentence set aside, and cause remanded.*